## CIRCUIT COURT OF HENRICO COUNTY

Mary Brummell

v.

Burlington Industries, Inc.

October 20, 1989

Case No. CH89000466-00

By JUDGE JAMES E. KULP

The plaintiff, Mary Brummell, has filed a Bill of Complaint alleging that she has been discriminated against by her employer, Burlington Industries, solely because of a disability in violation of Section 51.5-41 of the Code of Virginia. Burlington has filed a Special Plea asserting that it is an employer covered by the federal Rehabilitation Act of 1973 and specifically exempt from the Virginia Statute as provided in Section 51.5-41(F).

The court heard argument on this issue on October 6, 1989, during which the plaintiff conceded that Burlington had a contract with the federal government in excess of $2,500. The plaintiff's opposition to the Special Plea centers upon her argument that the contract in question contains no provision incorporating the requirements of the federal Rehabilitation Act of 1973. The Court need not decide whether the contract specifically contained a provision incorporating the requirements of the Rehabilitation Act, for these requirements are by operation of the Act considered to be a part of every contract, whether or not physically incorporated in the contract. *See* Department of Labor Regulation 41 C.F.R. Section 60-741.23.

The Court is of the opinion that Burlington is exempt from the provisions of Section 51.5-41 and accordingly grants the Special Plea and dismisses the Bill of Complaint.

Burlington asks the Court to impose sanctions for having to proceed with its Special Plea in view of the information furnished plaintiff's attorney. Burlington served a Request for Admissions pursuant to Rule 4:11 on May 11, 1989. From what the Court understands, no response to this Request for Admissions has been made by plaintiff. Pursuant to Rule 4:11, the matters are admitted unless response is filed within twenty-one days after service. The admission of these four requests would have ended this matter. A second set of Requests for Admissions were served on September 5, 1989. Part of this request asked for an admission of the genuineness of certain documents. Plaintiff responded that she did not know if the documents were authentic and denied them until proven. Such a response is not countenanced under the Rule "unless [the party] states that he has made reasonable inquiry and that the information known or readily obtainable by him is insufficient to enable him to admit or deny." The Court finds that the authenticity of these documents could have been verified easily by plaintiff. Correspondence from defendant's attorney to plaintiff's attorney not only set forth what defendant was relying upon to support its Special Plea, but also contained a copy of many of the documents to which reference was made. The Court further finds that correspondence to plaintiff's attorney clearly placed him on notice that Burlington would seek sanctions in this matter. The Court has considered Mr. Geary's letter of October 12, 1989, with enclosures. While in a June 6, 1989, letter, Mr. Geary expressed the view that he could not find any provision concerning affirmative action regarding qualified handicapped individuals in the contract in question, this concern was answered in letters dated August 7 and September 3.

Pursuant to Rule 4:12(c) the Court finds that sanctions are appropriate against plaintiff's attorney for his failure to respond to the first Request for Admissions and for the failure to admit the genuineness of the documents in the second Request for Admissions. The Court requests Mr. McElligott to forward to the Court a statement of expenses incurred in this regard.